HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
BRIANNA FULLER MIRCHEFF (Bar No. 243641)
(Email: Brianna_Mircheff@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Tel: 213-894-4784
Fax: 213-894-0081

Attorneys for Petitioner
LISA MARIE KUFFEL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LISA MARIE KUFFEL,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. CV 16-4380<br><br>[CR 91-00115-LEW]<br><br>**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**<br><br>**Filed Pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015).** |

Petitioner Lisa Marie Kuffel, through undersigned counsel, hereby respectfully moves this Court to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender

DATED: June 17, 2016

By   /s/ *Brianna Fuller Mircheff*
BRIANNA FULLER MIRCHEFF
Deputy Federal Public Defender

1

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................... 1

II. PROCEDURAL HISTORY ..................................................................... 1

    A.    Conviction and Sentencing ......................................................... 1

    B.    Appeal ......................................................................................... 2

    C.    Section 2255 Motion ................................................................... 3

III. ARGUMENT ......................................................................................... 3

    A.    Petitioner's Section 924(c) Convictions, and the Resulting 45-Year Mandatory Consecutive Sentence, Must Be Vacated Because the Predicate Offense, Armed Bank Robbery, Is Not a Crime of Violence. .................................................................... 3

        1.    Armed Bank Robbery No Longer Qualifies as a Crime of Violence Under the Force Clause ......................................... 4

            a.    Armed Bank Robbery Does Not Require the *Intentional* Use or Threatened Use of Force. ..................... 7

            b.    Armed Bank Robbery Does Not Require the Use or Threatened Use of *Violent* Force. ................................. 9

        2.    Following *Johnson*, Armed Bank Robbery Does Not Qualify as a Crime of Violence under the Residual Clause Because that Clause Is Void for Vagueness. ...................... 12

IV. CONCLUSION ..................................................................................... 15

i

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Federal Cases**

4

*Carter v. United States*,
    530 U.S. 255 (2000) ............................................................................. 7

5

6

*Chrzanoski v. Ashcroft*,
    327 F.3d 188 (2d Cir. 2003) ............................................................... 10

7

8

*Deal v. United States*,
    508 U.S. 129 (1993) ............................................................................. 3

9

10

*Delgado-Hernandez v. Holder*,
    697 F.3d 1125 (9th Cir. 2012) ........................................................... 14

11

12

*Descamps v. United States*,
    133 S. Ct. 2276 (2013) .................................................................. 5, 15

13

14

*Dimaya v. Lynch*,
    803 F.3d 1110 (9th Cir. 2015) ........................................................... 13

15

16

*Fernandez-Ruiz v. Gonzales*,
    466 F.3d 1121 (9th Cir. 2006) ..................................................... 6, 8, 9

17

*Matter of Guzman-Polanco*,
    26 I. & N. Dec. 713 (BIA 2016) ........................................................ 10

18

19

*James v. United States*,
    550 U.S. 192 (2007) ........................................................................... 12

20

21

*Johnson v. United States*,
    135 S. Ct. 2551 (2015) ................................................................*passim*

22

23

*Johnson v. United States*,
    559 U.S. 133 (2010) ............................................................................. 6

24

25

*Leocal v. Ashcroft*,
    543 U.S. 1 (2004) .......................................................................*passim*

26

*McLaughlin v. United States*,
    476 U.S. 16 (1986) ....................................................................... 10, 11

27

28

ii

**Federal Cases (cont.)**

*Miller v. Gammie*,
   335 F.3d 889 (9th Cir. 2003) ................................................................... 9, 11

*Sykes v. United States*,
   131 S. Ct. 2267 (2011) .............................................................................. 13

*Taylor v. United States*,
   495 U.S. 575 (1990) ..................................................................................... 5

*United States v. Acosta*,
   470 F.3d 132 (2d Cir. 2006) ....................................................................... 6

*United States v. Alsop*,
   479 F.2d 65 (9th Cir. 1973) ................................................................... 8, 14

*United States v. Amparo*,
   68 F.3d 1222 (9th Cir. 1995) ................................................................. 4, 14

*United States v. Aragon*,
   983 F.2d 1306 (4th Cir. 1993) .................................................................. 14

*United States v. Baza-Martinez*,
   464 F.3d 1010 (9th Cir. 2006) .................................................................... 5

*United States v. Bell*,
   2016 WL 344749 (N.D. Cal. Jan. 28, 2016) ............................................ 14

*United States v. Boyd*,
   924 F.2d 945 (9th Cir. 1991) .................................................................... 11

*United States v. Chandler*,
   743 F.3d 648 (9th Cir. 2014) .................................................................... 12

*United States v. Cruz-Rodriguez*,
   625 F.3d 274 (5th Cir. 2010) .................................................................... 10

*United States v. Dixon*,
   805 F.3d 1193 (9th Cir. 2015) .................................................................... 6

*United States v. Edmunson*,
   __ F. Supp. 3d __, 2015 WL 9311983 (D. Md. Dec. 30, 2015) ............... 14

iii

**Federal Cases (cont.)**

*United States v. Foppe*,
   993 F.2d 1444 (9th Cir. 1993) ................................................................ 8

*United States v. Grajeda*,
   581 F.3d 1186 (9th Cir. 2009) ................................................................ 5

*United States v. Hopkins*,
   703 F.2d 1102 (9th Cir. 1983) ................................................................ 9

*United States v. Jones*,
   84 F.3d 1206 (9th Cir. 1996) ................................................................ 10

*United States v. Kelley*,
   412 F.3d 1240 (11th Cir. 2005) ........................................................ 7, 8

*United States v. Kuffel*,
   1 F.3d 1247 (9th Cir. 1993) ............................................................... 2, 3

*United States v. Lattanaphom*,
   __ F. Supp. 3d __, 2016 WL 393545 (E.D. Cal. Feb. 1, 2016) ................ 14

*United States v. Martinez-Jimenez*,
   864 F.2d 664 (9th Cir. 1989) ...................................................... 8, 10, 11

*United States v. McDougherty*,
   920 F.2d 569 (9th Cir. 1990) ............................................................... 12

*United States v. Mendez*,
   992 F.2d 1488 (9th Cir. 1993) ............................................................. 14

*United States v. Parnell*,
   818 F.3d 974 (9th Cir. 2016) ................................................................. 9

*United States v. Perez-Vargas*,
   414 F.3d 1282 (10th Cir. 2005) ........................................................... 10

*United States v. Piccolo*,
   441 F.3d 1084 (9th Cir. 2006) ............................................................... 4

*United States v. Prince*,
   772 F.3d 1173 (9th Cir. 2014) ............................................................. 12

**Federal Cases (cont.)**

*United States v. Serafin*,
    562 F.3d 1105 (9th Cir. 2009) ................................................................. 6

*United States v. Torres-Miguel*,
    701 F.3d 165 (4th Cir. 2012) ........................................................... 5, 10

*United States v. Vivas-Ceja*,
    808 F.3d 719 (7th Cir. 2015) ................................................................ 13

*United States v. Werle*,
    __ F.3d __, 2016 WL 828132 (9th Cir. Mar. 3, 2016) ........................... 15

*United States v. Woodrup*,
    86 F.3d 359 (4th Cir. 1996) ..................................................................... 8

*United States v. Wright*,
    215 F.3d 1020 (9th Cir. 2000) ........................................................*passim*

*United States v. Yockel*,
    320 F.3d 818 (8th Cir. 2003) ............................................................. 7, 8

*Whyte v. Lynch*,
    807 F.3d 463 (1st Cir. 2015) ................................................................ 10

**Federal Statutes**

8 U.S.C. § 1101(a)(43)(F) ............................................................................ 13

18 U.S.C. § 16 ...............................................................................6, 12, 13, 14

18 U.S.C. § 924 ...................................................................................*passim*

18 U.S.C. § 2113 ..................................................................................*passim*

28 U.S.C. § 2255 ................................................................................... 3, 15

# TABLE OF EXHIBITS

Exhibit A:   Indictment (February 2, 1991, CR 1)

Exhibit B:   Government's Motion for Stay of Appeal (October 19, 1992)

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

## I.  INTRODUCTION

Petitioner Lisa Marie Kuffel, by and through her attorney, Deputy Federal Public Defender Brianna Fuller Mircheff, hereby submits this motion to vacate, set aside, or correct her sentence, based on *Johnson v. United States*, 135 S. Ct. 2551 (2015).  In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is void for vagueness.  *Johnson*'s reasoning applies equally to the residual clause in 18 U.S.C. § 924(c)(3)(B).  Therefore, in light of *Johnson*, Ms. Kuffel's 45-year mandatory consecutive sentence under 18 U.S.C. § 924(c) was imposed in violation of the Constitution or the laws of the United States and exceeded the maximum authorized by law.  Petitioner therefore requests that this Court grant this motion, vacate her current sentence, and re-sentence her.

## II.  PROCEDURAL HISTORY

### A.    Conviction and Sentencing

Ms. Kuffel was convicted, following a jury trial, of four counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (Counts 1, 3, 5, and 7); and three counts of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 4, 6, and 7).  (CR 45[1]; PSR ¶¶ 1-8[2]; Ex. A, Indictment, CR 1.)  On December 5, 1991, she was sentenced to 640 months under the then-mandatory Sentencing Guidelines—100 months on Counts 1, 3, 5, and 7, to be served concurrently, plus a mandatory consecutive 60 months on Count 4 (the first Section 924(c) conviction); a

---

[1] Unless otherwise indicated, all citations to "CR" refer to the clerk's record in CR 91-00115-LEW, Ms. Kuffel's underlying criminal case in this Court. Counsel has requested, but not yet received, Ms. Kuffel's archived district court file. When it is received, and to the extent relevant, Ms. Kuffel will supplement the evidentiary record at a later date.

[2] For the Court's convenience, Ms. Kuffel's PSR will be lodged with the Court under separate cover.

1

mandatory consecutive 240 months on Count 6 (the second 924(c) conviction); and a mandatory consecutive 240 months on Count 8 (the third 924(c) conviction).  (CR 59; Ex. B, Government's Motion for Stay of Appeal, at 2.)

Relevant to this application, each of Counts 4, 6, and 8 of the Indictment charged Ms. Kuffel with violating Section 924(c) by using and carrying a firearm during a crime of violence, namely, each of the armed bank robberies in violation of 18 U.S.C. § 2113(a), (d) charged in Counts 3, 5, and 7.  (Ex. A, Indictment.)  By operation of law, the first Section 924(c) conviction carried a mandatory consecutive sentence of 60 months, and the second and third Section 924(c) convictions each carried a mandatory consecutive sentence of 240 months.  (PSR ¶¶ 61, 80; *see also* 18 U.S.C. § 924(c)(1) (1994).)

The Presentence Report ("PSR") concluded that Ms. Kuffel had a total offense level of 27 and a criminal history category of IV.  (PSR ¶¶ 64, 73.)  The guideline sentencing range was 100-125 months.  (PSR ¶ 79.)  The mandatory consecutive 540 months for the three Section 924(c) convictions were added on top of that, for a total sentencing range of 640-665 months.

At the sentencing hearing held on December 5, 1991, the district court imposed a term of 640 months imprisonment, consisting of 100 months on Counts 1, 3, 5, and 7, to be served concurrently, plus a mandatory consecutive 60 months on Count 4 (the first Section 924(c) conviction); a mandatory consecutive 240 months on Count 6 (the second 924(c) conviction); and a mandatory consecutive 240 months on Count 8 (the third 924(c) conviction).  (CR 59; Ex. B, Government's Motion for Stay of Appeal, at 2.)

## B.     Appeal

Ms. Kuffel timely appealed her sentence.  (CR 60.)  She argued that the "second and subsequent conviction" language of 18 U.S.C. § 924(c) was ambiguous regarding whether she should receive a separate 20-year sentence for each of her second and third Section 924(c) convictions.  *United States v. Kuffel*, 1 F.3d 1247 (9th Cir. 1993).  On

2

November 5, 1992, the Ninth Circuit ordered a stay in the appeal pending the Supreme Court's decision in *Deal v. United States*, 508 U.S. 129 (1993).  (Ex. B, Emergency Motion under Circuit Rule 23-3 for Extension of Stay of Proceedings, at 2.)  On July 30, 1993, the Ninth Circuit rejected Ms. Kuffel's challenge to her sentence in an unpublished memorandum disposition.  *See United States v. Kuffel*, 1 F.3d 1247 (9th Cir. 1993).

**C.    Section 2255 Motion**

This is Ms. Kuffel's first motion under 28 U.S.C. § 2255.

## III.  ARGUMENT

Under 28 U.S.C. Section 2255(a), a defendant is entitled to a resentencing when his or her original sentence was imposed "in violation of the Constitution or laws of the United States," or is "in excess of the maximum authorized by law."  Petitioner is entitled to relief on all these grounds because under *Johnson v. United States*, 135 S. Ct. 2251 (2015), she is now serving an illegal and unconstitutional Section 924(c) sentence.

**A.    Petitioner's Section 924(c) Convictions, and the Resulting 45-Year Mandatory Consecutive Sentence, Must Be Vacated Because the Predicate Offense, Armed Bank Robbery, Is Not a Crime of Violence.**

Section 924(c) provides for a series of graduated, mandatory consecutive sentences for using or carrying a firearm during and in relation to a "crime of violence." 18 U.S.C. § 924(c)(1)(A), (B).  The term "crime of violence," in turn, is defined as "an offense that is a felony and—"

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

3

1   18 U.S.C. § 924(c)(3).  As used in this brief, subsection (A) is called the "force clause"
2   and subsection (B) is called the "residual clause."

3   Here, each of Counts 4, 6, and 8 of the Indictment charged Ms. Kuffel with
4   violating Section 924(c) by using and carrying a firearm during a crime of violence,
5   namely, each of the armed bank robberies in violation of 18 U.S.C. § 2113(a), (d)
6   charged in Counts 3, 5, and 7.  (Ex. A, Indictment.)

7   In a 2000 case, the Ninth Circuit held that armed bank robbery was a crime of
8   violence under the force clause of Section 924(c)(3)(A).  *United States v. Wright*, 215
9   F.3d 1020, 1028 (9th Cir. 2000).  The decision's analysis was limited, reasoning only
10  "[a]rmed bank robbery qualifies as a crime of violence because one of the elements of
11  the offense is a taking 'by force and violence, or by intimidation.'"  *Id.* (citing 18
12  U.S.C. § 2113(a)).

13  There is much water under the bridge since *Wright* was decided, however, and
14  intervening Supreme Court and en banc Ninth Circuit decisions have undermined
15  *Wright's* reasoning that armed bank robbery was a crime of violence.  Specifically, the
16  Supreme Court issued a series of cases redefining the boundaries of the force clause,
17  such that armed bank robbery no longer satisfies that clause for two independent
18  reasons.  *Johnson*, moreover, removed the alternative ground on which armed bank
19  robbery could have been deemed a crime of violence; that armed bank robbery
20  qualified as a predicate crime of violence under the residual clause.  After *Johnson*,
21  therefore, Ms. Kuffel no longer has a qualifying crime of violence supporting her
22  Section 924(c) convictions and sentence.

23  **1.    Armed Bank Robbery No Longer Qualifies as a Crime of Violence**
24  **Under the Force Clause.**

25  To determine whether a predicate offense qualifies as a "crime of violence"
26  under § 924(c), this Court must use the categorical approach.  *See United States v.*
27  *Amparo*, 68 F.3d 1222, 1225 (9th Cir. 1995); *United States v. Piccolo*, 441 F.3d 1084,
28  1086-87 (9th Cir. 2006) ("[I]n the context of crime-of-violence determinations under

§ 924(c), our categorical approach applies regardless of whether we review a current or prior crime."); *see also Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (applying categorical approach in case under ACCA, 18 U.S.C. § 924(e)).  Under *Taylor*, only the statutory definitions—i.e., the elements—of the predicate crime are relevant to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a "crime of violence." *Taylor v. United States*, 495 U.S. 575, 599-601 (1990).

Determination of whether a criminal offense is categorically a crime of violence is done by "assessing whether the 'full range of conduct covered by [the statute] falls within the meaning of that term.'" *United States v. Grajeda*, 581 F.3d 1186, 1189 (9th Cir. 2009) (citation omitted).  To do this, courts must look "at the least egregious end of [the. . . statute's] range of conduct." *United States v. Baza-Martinez*, 464 F.3d 1010, 1014 (9th Cir. 2006) (quoting *United States v. Lopez-Solis*, 447 F.3d 1201, 1206 (9th Cir. 2006)).  In other words, under the categorical approach, a prior offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute— "including the most innocent conduct" —matches or is narrower than the "crime of violence" definition. *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012).  If the statute punishes some conduct that would qualify as a crime of violence and some conduct that would not, it does not categorically constitute a crime of violence. *Grajeda*, 581 F.3d at 1189.  In a "narrow range of cases," if the statute is divisible as to a material element, then the court may apply the modified categorical approach by looking beyond the statutory elements to certain documents of conviction to determine whether the defendant's conviction necessarily involved facts corresponding to the generic federal offense. *Descamps*, 133 S. Ct. at 2283-84.

Intervening Supreme Court and en banc Ninth Circuit precedent following *Wright* holds that to be a categorical match to the terms of the force clause in Section 924(c), a state statute must require proof of both intentional conduct and violent force. As to intentional conduct, in *Leocal v. Ashcroft*, 543 U.S. 1, 9-10 (2004), the Supreme

Court held that a conviction under a Florida statute prohibiting driving under the influence was not a crime of violence under the identical force clause in 18 U.S.C. Section 16(a) because the crime could be committed through mere negligence or even accidental conduct.  An en banc panel of the Ninth Circuit then interpreted *Leocal* as requiring that, "to constitute a federal crime of violence an offense must involve the *intentional* use of force against the person or property of another."  *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006) (en banc) (emphasis added); *see also United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015) (citing *Leocal* and holding that the almost-identically worded force clause in the ACCA requires that "the use of force must be intentional, not just reckless or negligent"); *United States v. Serafin*, 562 F.3d 1105, 1108 (9th Cir. 2009) (applying *Leocal*'s gloss on 18 U.S.C. § 16 to Section 924(c)(3)); *United States v. Acosta*, 470 F.3d 132, 134-35 (2d Cir. 2006) (same).

"Physical force" has the meaning given to it by *Leocal* and the Supreme Court's 2010 decision in *Johnson v. United States*, 559 U.S. 133, 140 (2010) (*Johnson I*).  In *Leocal*, in addition to interpreting the *mens rea* requirement of Section 16(a), the Supreme Court also held that the phrase "physical force" in that section requires a "violent, active crime[]."  543 U.S. at 11.  The *Johnson I* Court expanded on that definition, holding that the phrase "physical force" in ACCA's almost-identical force clause defining "violent felony" means "*violent* force—that is, force capable of causing physical pain or injury to another person."  *Johnson I*, 559 U.S. at 140.

A person violates the armed bank robbery statute if he or she, "by force and violence, or by intimidation, takes or attempts to take, from the person or presence of another" the property of a bank and in so doing "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." 18 U.S.C. § 2113(a), (d).  Thus, the elements of the crime are

> (1) the defendant took money belonging to a bank, credit union, or savings
> and loan, (2) by using force and violence or intimidation, (3) the deposits
> of the institution were insured by the Federal Deposit Insurance

6

Corporation ("FDIC"), and (4) in committing the offense, the defendant assaulted any person, or put in danger the life of any person by the use of a dangerous weapon.

*Wright*, 215 F.3d at 1028.

Armed bank robbery does not require an *intentional* threat of force, nor does it require a threat of *violent* force. As such, armed bank robbery is not a crime of violence under the force clause.

### a. Armed Bank Robbery Does Not Require the *Intentional* Use or Threatened Use of Force.

The first reason armed bank robbery is categorically overbroad and cannot support a finding that a defendant's predicate offense is a crime of violence under the force clause is because the statute contains no requirement that a defendant have possessed any *mens rea* with respect to either his or her use of force and violence or intimidation, let alone that the defendant used force and violence or intimidation intentionally.

In *Carter v. United States*, 530 U.S. 255, 268 (2000), the Supreme Court held that bank robbery is a general intent crime. That is, the defendant must have "possessed knowledge with respect to the *actus reus* of the crime." *Id.* As an example of a hypothetical defendant who should not be punished under the statute, the *Carter* Court wrote that "Section 2113(a) certainly should not be interpreted to apply to the hypothetical person who engages in forceful taking of money while sleepwalking[.]" *Id.* at 269. Following *Carter*, courts have held that the *actus reus* of bank robbery is the taking of money and therefore, the statute requires a showing only that the defendant "knew he was physically taking money." *See United States v. Yockel*, 320 F.3d 818, 823 (8th Cir. 2003). Whether the defendant took money via an intentional use of force and violence or intimidation is "irrelevant." *Id.*; *see also United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir. 2005) ("[A] defendant can be convicted under section 2113(a) even if he did not intend for an act to be intimidating."). Thus, in *Yockel*, the

7

Eighth Circuit affirmed the district court's exclusion at trial of any evidence regarding whether the defendant intended to use force and violence or intimidation.  320 F.3d at 823.

Yockel and Kelley are in accord with this Circuit's longstanding, pre-Carter case law which also holds that, at least in cases involving intimidation, whether a defendant "specifically intended to intimidate . . . is irrelevant."  United States v. Foppe, 993 F.2d 1444, 1451 (9th Cir. 1993).  This holding stems from the court's conclusion that the definition of taking, or attempting to take "'by intimidation' means willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm."  United States v. Alsop, 479 F.2d 65, 67 n.4 (9th Cir. 1973).  Because this definition focuses on the effect of the accused's actions on the victim, "[t]he determination of whether there has been an intimidation should be guided by an objective test focusing on the accused's actions," not his or her intent.  Id.; see also United States v. Woodrup, 86 F.3d 359, 363 (4th Cir. 1996) ("The intimidation element of § 2113(a) is satisfied if 'an ordinary person in the [victim's] position reasonably could infer a threat of bodily harm from the defendant's acts,' whether or not the defendant actually intended the intimidation.").  It makes no difference in the analysis that a defendant in an armed bank robbery case uses a dangerous weapon in the course of committing the offense: whether he or she intentionally used the weapon is simply not an element of the crime.  In short, a defendant may be convicted of armed bank robbery even though he or she did not intend to put another in fear, but merely did some act involving a dangerous weapon that would put an ordinary, reasonable person in fear of bodily harm.  See United States v. Martinez-Jimenez, 864 F.2d 664, 666-67 (9th Cir. 1989) (Section 2113(d) "focuses on the harms created, not the manner of creating the harm.").

As a statute must require the intentional use of force in order to match the definition of "use of force" in Section 924(c)'s force clause following Leocal and Fernandez-Ruiz, and because Section 2113(a), (d) requires no such showing, Wright's

8

conclusion that bank robbery is a crime of violence under the force clause is no longer good law. *See Miller v. Gammie*, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc) ("[T]he issues decided by the higher court need not be identical in order to be controlling. Rather, the relevant court of last resort must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable."). Following *Leocal* and *Fernandez-Ruiz*, federal armed bank robbery cannot be a crime of violence under the force clause.

### b.   Armed Bank Robbery Does Not Require the Use or Threatened Use of *Violent* Force.

Moreover, armed bank robbery does not require the use or threat of *violent* physical force. With respect to the use-of-force-and-violence-or-intimidation element, nothing in the term "intimidation" requires a threat of *violent* physical force. Intimidation is satisfied even where there is no explicit threat at all, let alone the threat of violent force. For example, a simple demand for money from a bank teller will support a bank robbery conviction. *See United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983) ("Although the evidence showed that Hopkins spoke calmly, made no threats, and was clearly unarmed, we have previously held that 'express threats of bodily harm, threatening body motions, or the physical possibility of concealed weapon[s]' are not required for a conviction for bank robbery by intimidation." (quoting *United States v. Bingham*, 628 F.2d 548, 549 (9th Cir.1980))). But, as the Ninth Circuit recently held, an "uncommunicated willingness or readiness to use [physical] force . . . is not the same as a threat to do so." *United States v. Parnell*, 818 F.3d 974, 980 (9th Cir. 2016). A threat of physical force, as would satisfy the force clause "requires some outward expression or indication of an intention to inflict pain, harm or punishment." *Id.* Federal bank robbery has no such requirement.

Further, the Ninth Circuit's definition of intimidation does not require a showing of the use or threatened use of violent physical force because placing a person "in fear of bodily harm" does not necessarily require the use or threatened use of violent

9

physical force.  On this matter, the Fourth Circuit has "recognized that, to constitute a predicate crime of violence justifying a sentencing enhancement under the Guidelines, a [predicate] offense must constitute a use or threatened use of violent force, not simply result in physical injury or death."  *Torres-Miguel*, 701 F.3d at 169; *Accord United States v. Cruz-Rodriguez*, 625 F.3d 274, 276 (5th Cir. 2010); *Chrzanoski v. Ashcroft*, 327 F.3d 188, 194 (2d Cir. 2003) ("there is 'a difference between causation of an injury and in injury's causation by the "use of physical force"'"); *United States v. Perez-Vargas*, 414 F.3d 1282, 1287 (10th Cir. 2005); *Whyte v. Lynch*, 807 F.3d 463, 469-72 (1st Cir. 2015).  For example, a defendant could commit bank robbery through intimidation by threatening to poison the teller, but this would not constitute the threatened use of violent physical force, even though it would result in the teller being in fear of bodily harm.  *Cf. Torres-Miguel*, 701 F.3d at 168-69 (holding that California's criminal threats statute does not constitute a crime of violence because "a defendant can violate statutes like § 422(a) by threatening to poison another, which involves no use or threatened use of force."); *Matter of Guzman-Polanco*, 26 I. & N. Dec. 713 (BIA 2016) ("Caesar's death at the hands of Brutus and his fellow conspirators was undoubtedly violent; the death of Hamlet's father at the hands of his brother, Claudius, by poison, was not.") (quoting *Rummel v. Estelle*, 445 U.S. 263, 282 n.27 (1980)).

With respect to the deadly weapon element of Section 2113(d), a defendant may be found guilty of armed bank robbery without engaging in conduct that involves the use or threat of violent physical force.  For example, a defendant's mere display of or reference to possession of a gun, without making any threat to use the gun, is sufficient to sustain a conviction under section 2113(d).  *See United States v. Jones*, 84 F.3d 1206, 1211 (9th Cir. 1996); *McLaughlin v. United States*, 476 U.S. 16, 17-18 (1986); *Martinez-Jimenez*, 864 F.2d at 666.

Moreover, a defendant may be convicted of armed bank robbery even though he or she displays or refers only to an unloaded or inoperable firearm, or even a toy

resembling a firearm.  *See McLaughlin*, 476 U.S. 16, 17-18 (1986) (unloaded gun); *Martinez-Jimenez*, 864 F.2d at 666-67 (inoperable gun, toy gun); *see also United States v. Boyd*, 924 F.2d 945, 947-48 (9th Cir. 1991) (road flare qualifies as a dangerous weapon).  This conduct does not involve the use or threatened use of violent force.  In *McLaughlin*, the Supreme Court reasoned that an unloaded gun qualified as a dangerous weapon within the meaning of Section 2113(d) because "a gun is an article that is typically and characteristically dangerous . . . and the law reasonably may presume that such an article is always dangerous even though it may not be armed at a particular time or place" and because "the display of a gun instills fear in the average citizen; as a consequence, it creates an immediate danger that a violent response will ensue."  476 U.S. at 17-18.  In other words, the *McLaughlin* court concluded that a robber's use of an unloaded gun could be considered to put in danger another person's life not because the robber could actually use the gun or because the gun actually posed a threat of violence against anyone in the bank but merely because it was a reasonable position for the law to take that all guns are dangerous, since as a general matter guns often are dangerous.  The Court also concluded that a robber's use of an unloaded gun could put in danger another person's life not because the robber actually used or threatened to use the gun in a violent, active way but only because others who saw the gun might *themselves* react in a violent way.  In the words of the *Martinez-Jimenez* court, "[t]he *McLaughlin* opinion recognizes that the dangerousness of a device used in a bank robbery is not simply a function of its potential to injure people directly.  Its dangerousness results from the greater burdens that it imposes upon victims and law enforcement officers."  864 F.3d at 666.  As these cases make clear, defendants can be, and indeed many have been, convicted of armed bank robbery without using or threatening to use violent force.

For these reasons, federal armed bank robbery does not qualify as a crime of violence under the force clause of Section 924(c).  The contrary holding in *Wright* is clearly irreconcilable with *Johnson I* and *Leocal*.  *See Miller*, 335 F.3d at 899-900.

11

### 2.    Following *Johnson*, Armed Bank Robbery Does Not Qualify as a Crime of Violence under the Residual Clause Because that Clause Is Void for Vagueness.

Until *Johnson*, defendants like Ms. Kuffel had little motivation to challenge *Wright's* force clause holding, knowing that their armed bank robbery predicate would likely still be deemed a crime of violence under Section 924(c)'s residual clause. Indeed, prior to *Johnson*, the Ninth Circuit had held that various state robbery crimes were crimes of violence under the residual clause of several crime-of-violence definitions.  *See, e.g., United States v. Prince*, 772 F.3d 1173, 1176 (9th Cir. 2014) (finding that California second degree robbery is a violent felony under the residual clause of ACCA, because it "certainly" is the kind of crime that presents a serious potential risk of physical injury to another); *United States v. Chandler*, 743 F.3d 648, 652-55 (9th Cir. 2014) (Nevada conspiracy to commit robbery is a violent felony under the residual clause), *remanded pursuant to Johnson*, 743 F.3d 648 (9th Cir. 2015); *see also United States v. McDougherty*, 920 F.2d 569, 574 & n.3 (9th Cir. 1990) ("Clearly then, robbery as defined in California falls under 18 U.S.C. 16(b) as a felony that 'by its nature, involves a substantial risk' that physical force may be used"; interpreting an earlier version of the career-offender residual clause, but stating that the "result . . . would be no different" under the present version of the guideline).  *Johnson*, however, removed this alternative ground of justifying Ms. Kuffel's sentence.

In *Johnson*, the Supreme Court declared the residual clause of the ACCA to be "unconstitutionally vague" because the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557.  Thus, the Supreme Court concluded, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.*  The Supreme Court held the residual clause "vague in all its applications," *id.* at 2561, and overruled its contrary decisions in *James v. United*

1   *States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 131 S. Ct. 2267 (2011).

2   *Johnson*, 135 S. Ct. at 2562-63.

3          The holding in *Johnson* invalidating the residual clause of the ACCA applies

4   equally to the residual clause of Section 924(c).  In *Dimaya v. Lynch*, 803 F.3d 1110

5   (9th Cir. 2015), the Ninth Circuit held that the identically worded definition of a "crime

6   of violence" in the Immigration and Nationality Act (INA), 8 U.S.C. § 1101(a)(43)(F),

7   is unconstitutionally vague.  *Dimaya*, 803 F.3d at 1111.  The INA defines a "crime of

8   violence" by reference to the definition in 18 U.S.C. Section 16(b).  Section 16(b), like

9   Section 924(c)(3), has a force clause and a residual clause—indeed, the provisions are

10  identical.  They each define "crime of violence" as:

11                 (a) an offense that has as an element the use, attempted use, or

12                 threatened use of physical force against the person or property

13                 of another, or

14                 (b) any other offense that is a felony and that, by its nature,

15                 involves a substantial risk that physical force against the

16                 person or property of another may be used in the course of

17                 committing the offense.

18  18 U.S.C. § 16; 18 U.S.C. § 924(c)(3).

19          Although the language of Section 16(b), as incorporated into the INA, is not

20  identical to that of ACCA's residual clause, the Ninth Circuit concluded that Section

21  16(b) suffered from the same constitutional defects identified in *Johnson*, and was

22  therefore unconstitutionally vague.  *Dimaya*, 803 F.3d at 1114-17; *see also United*

23  *States v. Vivas-Ceja*, 808 F.3d 719, 722-23 (7th Cir. 2015) (same).  Because both

24  statutes require a consideration of what kind of conduct the "ordinary case" of the

25  crime involves, and both statutes left uncertainty about the amount of risk required, the

26  Ninth Circuit reasoned that Section 16(b), like ACCA's residual clause, produced too

27  much unpredictability and arbitrariness to comport with due process.  *Dimaya*, 803

28  F.3d at 1116-17.

The same is true of the residual clause in Section 924(c)(3)(B), which the Ninth Circuit has recognized is "identical" to Section 16(b)'s residual clause. *See United States v. Amparo*, 68 F.3d 1222, 1226 (9th Cir. 1995); *Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1130 (9th Cir. 2012). For interpretive purposes, the Ninth Circuit has treated Section 16(b) as the "equivalent" of Section 924(c)(3). *See United States v. Mendez*, 992 F.2d 1488, 1492 (9th Cir. 1993); *Amparo*, 68 F.3d at 1226 (relying on *United States v. Aragon*, 983 F.2d 1306 (4th Cir. 1993), a Section 16(b) case, to interpret Section 924(c)(3)(B)). At least three district courts have squarely held that Section 924(c)(3)'s residual clause is unconstitutionally vague after *Johnson*. *See United States v. Lattanaphom*, __ F. Supp. 3d __, 2016 WL 393545, at *3-6 (E.D. Cal. Feb. 1, 2016); *United States v. Bell*, 2016 WL 344749, at *12-13 (N.D. Cal. Jan. 28, 2016); *United States v. Edmunson*, __ F. Supp. 3d __, 2015 WL 9311983, at *3-5 (D. Md. Dec. 30, 2015) (as amended). This Court should likewise conclude that Section 924(c)(3)(B) is unconstitutionally vague and cannot be used to support Ms. Kuffel's Section 924(c) convictions and sentence.

Federal armed bank robbery categorically is not a crime of violence under the force clause of Section 924(c). And *Johnson* eliminated the residual clause. As such, that provision can no longer serve as an alternative basis upon which to hold that Ms. Kuffel's convictions are crimes of violence. In short, following *Johnson*, Ms. Kuffel's convictions under 18 U.S.C. § 2113(a), (d) are not crimes of violence for purposes of Section 924(c).[3]

---

[3] It should be noted that armed bank robbery is indivisible as between "force and violence" and "intimidation" because these are merely different means by which a defendant can commit the offense. More specifically, the jury is not called upon to parse out and unanimously agree whether the taking was (a) by force and violence or (b) by intimidation. *See United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000) ("[O]ne of the elements of the offense is a taking 'by force and violence, or by intimidation.'" (quoting § 2113(a))); *United States v. Alsop*, 479 F.2d 65, 66 (9th Cir. 1973) ("That the statute and the indictment use the disjunctive phrase 'by force and violence, or by intimidation' does not mean the indictment is duplicitous. Only one offense was charged." (citation omitted)); *see also* Ninth Cir. Model Criminal Jury

14

## IV.  CONCLUSION

For the reasons set forth above, Petitioner's sentence was "imposed in violation of the Constitution or laws of the United States," and is "in excess of the maximum authorized by law."  Petitioner is entitled to Section 2255 relief and should be resentenced without a mandatory consecutive sentence for violations of Section 924(c).

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender

DATED: June 17, 2016          By  /s/ *Brianna Fuller Mircheff*
                                  BRIANNA FULLER MIRCHEFF
                                  Deputy Federal Public Defender

---

Instructions § 8.162 (2015) (stating the elements of bank robbery, which include using "force and violence or intimidation").  Because the statute is indivisible as to this required element, the modified categorical approach is inapplicable.  *See Descamps*, 133 S. Ct. 2276 (2013); *United States v. Werle*, __ F.3d __, 2016 WL 828132, *4 (9th Cir. Mar. 3, 2016) ("If a statute is overinclusive and indivisible as to any required element, the modified categorical approach cannot be applied to that statute.").

15

**PROOF OF SERVICE**

I, the undersigned, declare that I am a resident or employed in Los Angeles County, California; that my business address is the Office of the Federal Public Defender, 321 East 2nd Street, Los Angeles, California 90012-4202, Telephone No. (213) 894-2854; that I am over the age of eighteen years; that I am not a party to the action entitled above; that I am employed by the Federal Public Defender for the Central District of California, who is a member of the Bar of the State of California. I hereby certify that service of the foregoing Motion to Vacate will be accomplished by the procedure set out in Local Rule 4-4 and Appendix C.

I further certify that, pursuant to the request of the Respondent, a copy of the PACER notification of the above filing will be forwarded to Respondent's counsel by email, as follows:

**Cathy Ostiller**
**United States Attorney's Office**
**312 N. Spring Street**
**Los Angeles, CA  90012**
**Cathy.Ostiller@usdoj.gov**

This proof of service is executed at Los Angeles, California, on June 17, 2016.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*Brianna Fuller Mircheff*
Brianna Fuller Mircheff

16